UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SANTOS RINCON,

                    Petitioner,

-vs-                                        Case No.  8:03-cv-1138-T-17MAP

JAMES V. CROSBY, JR.,

                    Respondent.
_____/

## <u>ORDER</u>

This cause is before the Court on Petitioner Santos Rincon (Rincon's) 28 U.S.C. § 2254 petition for writ of habeas corpus.  Rincon challenges his conviction and sentence for Manslaughter With A Firearm and Aggravated Battery With a Firearm arising out of the Twelfth Judicial Circuit in DeSoto County, Florida in state circuit case number 95-0364CF.

BACKGROUND

On December 21, 1995, the State Attorney charged Rincon by information with one count of Second Degree Murder With A Firearm and one count of Attempted

Second Degree Murder With A Firearm. (R 1-2).[1]  The information alleged that on December 2, 1995,  Rincon shot and killed victim Victor Juarez, and attempted to kill victim Sergio Vallesteros.  A jury trial ensued before the Honorable James S. Parker, Circuit Judge, on May 27-29, 1998.

Rincon was represented at trial by assistant public defenders Steven Schaefer and Tracey Lee.  On May 29, 1998,  the jury returned a verdict of guilty of the lesser included offenses of manslaughter with a firearm and aggravated battery with a firearm. (V4; T 428). On June 19, 1998,  the court sentenced Rincon as a habitual felony offender to thirty years imprisonment on the manslaughter count with a three-year mandatory minimum, and to five years concurrent on the aggravated battery count. (R 31-34)

Petitioner pursued an appeal of his conviction.  Rincon's appellate counsel, special assistant public defender Steven Seliger, filed an initial brief (Exhibit 1) raising the following two issues:

Issue I

THE TRIAL COURT ERRED IN ALLOWING IRRELEVANT EVIDENCE
TO BE CONSIDERED BY THE JURY.

Issue II

THE TRIAL COURT ERRED IN DENYING RINCON'S MOTION TO
SUPPRESS.

_____

[1] The record on direct appeal consists of two volumes of pleadings and documents, designated by "R."  The trial transcript, contained in Volumes I-IV, is designated by the volume number followed by "T" and the appropriate page number.

The State subsequently filed its answer brief. (Exhibit 2). On October 6, 2000, in Case No. 2D98-3264, the state district court of appeal per curiam affirmed the conviction and sentence. (Exhibit 3) <u>Rincon v. State</u>, 773 So. 2d 1160 (Fla. 2d DCA 2000) [Table]. The court issued its mandate on November 15, 2000. (Exhibit 4) .

On July 27, 2001, Rincon filed a Motion for Post Conviction Relief Pursuant to Fla. R. Crim. P. 3.850. (Exhibit 5). Rincon raised two grounds for relief in the motion: (1) the trial court erred in imposing the three-year minimum mandatory sentence for his conviction of manslaughter with a firearm; (2) trial counsel was ineffective for waiving Rincon's presence during voir dire proceedings and jury instructions.

On August 9, 2002, the state trial court summarily denied the Rule 3.850 motion. (Exhibit 6). First, the court denied Rincon's sentencing claim, finding that such claim should have been raised on direct appeal rather than in a Rule 3.850 motion. As to Rincon's allegation of ineffective assistance of counsel, the court's order states as follows:

> In the other ground, the Defendant alleges he is entitled to relief on an ineffectiveness claim based on his attorney waiving his presence during voir dire proceedings and jury instructions. To be meritorious on an ineffectiveness of counsel claim, a defendant must first identify omissions by his attorney that are outside the "broad range of reasonably competent performance under prevailing professional standards." *Kennedy v. State,* 537 So. 2d 912, 913 (Fla. 1989) citing *Strickland v. Washington,* 466 U.S. 668 (1984). After proving this, the defendant must establish that the omission "so affected the fairness and the reliability of the proceeding that confidence in the outcome is undermined." *Kennedy* at 913-14. The Florida Supreme Court has also ruled that when a court is determining an ineffective assistance of counsel claim, it need not made a specific ruling on the performance of the trial counsel when "it is clear that the prejudice component is not satisfied." *Id.* at 914.

First, the Defendant has failed to show how he was prejudiced by the alleged ineffectiveness of his counsel. The Defendant has not indicated how the alleged deficient performance of his attorney affected the reliability of the outcome at trial. In addition, the issue of a defendant being prejudiced due to his absence from certain proceedings is procedurally barred from being raised under Fla. R. Crim. P. 3.850 since they should have or could have been raised on direct appeal. *See Rivera v. Dugger,* 629 So. 2d 105, 107 (Fla. 1993).

(Order Denying Rincon's Motion for Postconviction Relief at pp. 2-3).

Rincon appealed the state trial court's adverse ruling. He filed an initial pro se brief raising two issues:

(1) the trial court erred in denying the appellant's challenge on his illegal sentence; (2) whether the trial court erred in denying the instant claim asserting that (a) appellant failed to show prejudice and (b) the issue should have been raised on direct appeal.

(Exhibit 7).

On February 28, 2003, in Case No. 2D02-40l6, the state district court of appeal per curiam affirmed the denial of relief. (Exhibit 8). The appellate court commented on the sentencing issue, but affirmed the ineffective assistance of counsel claim without discussion. Rincon v. State, 838 So. 2d 656 (Fla. 2d DCA 2003) . The mandate was issued on March 27, 2003.  (Exhibit 9).

Rincon raises one ground for relief in the present timely-filed federal petition for writ of habeas corpus: (1) trial counsel was ineffective for waiving Rincon's presence during voir dire proceeding and jury instruction at the close of the State's case.

STANDARDS OF REVIEW

Because Rincon filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act

of 1996 (AEDPA).   <u>Penry v. Johnson</u>, 532 U.S. 782, 792 (2001); <u>Henderson v.</u>
<u>Campbell</u>, 353 F.3d 880, 889-90 (11th Cir. 2003); <u>Maharaj v. Sec'y of Dept. of</u>
<u>Corrections</u>, 304 F.3d 1345, 1346 (11th Cir. 2002).  The AEDPA "establishes a more
deferential standard of review of state habeas judgments," <u>Fugate v. Head</u>, 261 F.3d
1206, 1214 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure
that state-court convictions are given effect to the extent possible under law." <u>Bell v.</u>
<u>Cone</u>, 535 U.S. 685, 693 (2002); <u>see</u>, <u>Bell v. Cone</u>, 2005 WL 123827 (U.S. Jan. 24,
2005) (habeas court's standard for evaluating state-court ruling is highly deferential,
which demands that state-court decisions be given benefit of the doubt)[citing 28
U.S.C.A. § 2254(d)]).   AEDPA is relevant to a review of this Petition.

Pursuant to AEDPA, habeas relief may not be granted with respect to a claim
adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an
unreasonable application, of clearly established Federal law, as
determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable
determination of the facts in light of the evidence presented in the State
court proceeding.

28 U.S.C. § 2254(d); <u>Price v. Vincent</u>, 123 S.Ct. 1848, 1852-53 (2003); <u>Clark v.</u>
<u>Crosby</u>, 335 F.3d 1303, 1308 (11th Cir. 2003); <u>Harrell v. Butterworth</u>, 251 F.3d 926,
930 (11th Cir. 2001).  "Clearly established Federal law" is the governing legal principle,
not the dicta, set forth by the United States Supreme Court at the time the state court
issues its decision.  <u>Lockyer v. Andrade</u>, 538 U.S.63, 71-72 (2003).  Where no
Supreme Court precedent is on point, or the precedent is ambiguous, it cannot be said

that  the state court's conclusion is contrary to clearly established governing federal law. Mitchell v. Esparza, 124 S.Ct. 7, 10 (2003); Clark v. Crosby, 335 F.3d at 1308-10; Washington v. Crosby, 324 F.3d 1263, 1265 (11th Cir. 2003).

A state court decision is "contrary to" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent.  Mitchell v. Esparza, 124 S.Ct. at 10 (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).  See also Price v. Vincent, 123 S.Ct. at 1853; Lockyer v. Andrade, 538 U.S. at 75-77.  A state court does not have to cite the Supreme Court precedent, or even be aware of it, so long as neither its reasoning nor its result contradicts Supreme Court precedent.  Early v. Parker, 537 U.S. 3, 8 (2002); Mitchell v. Esparza, 124 S.Ct. at 10; Parker v. Secy of Dept. of Corrections, 331 F.3d 764, 775-76 (11th Cir. 2003).

A state court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from Supreme Court cases but unreasonably applies it to the facts of the particular inmate's case; or if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply; or unreasonably refuses to extend that principle to a new context where it should apply.  Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000).  The "unreasonable application" inquiry requires the

state court decision to be more than incorrect or erroneous; it must be objectively unreasonable.  Lockyer v. Andrade, 538 U.S. at 75-77; Williams, 529 U.S. at 409-10; Penry v. Johnson, 532 U.S. at 791-792; Woodford v. Visciotti 537 U.S. 19, 25 (2002); Mitchell v. Esparza, 124 S.Ct. at 11-12; Price v. Vincent, 123 S.Ct. at 1853.

Whether a state court's decision was unreasonable must be assessed in light of the record the court had before it. See Holland v. Jackson, 124 S.Ct. 2736, 2737-2738 (2004) (citing Yarborough v. Gentry, 540 U.S. 1 (2003)) (per curiam) (denying relief where state court's application of federal law was supported by the record); Miller-El v. Cockrell, 537 U.S. 322, 348 (2003) (reasonableness of state court's factual finding assessed "in light of the record before the court"); cf. Bell v. Cone, 535 U.S. at 697, n. 4  (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

A factual finding by a state court is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); Henderson, 353 F.3d at 890-91.  The statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact.  Parker v. Head, 244 F.3d 831, 836 (11th Cir. 2001).

A petitioner who "failed to develop" the factual basis for a claim while in state court as a result of the petitioner's lack of diligence is barred from doing so in federal court (subject to the very narrow exceptions set out in § 2254(e)(2)).  Williams v. Taylor, 529 U.S. at 433-34.

### Ineffective Assistance of Counsel Claims

In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: 1) whether counsel's representation was deficient,  i.e., "fell below an objective standard of reasonableness"; and 2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  <u>Id</u>. at 687-88; <u>see also</u>, <u>Wiggins v. Smith</u>, 123 S.Ct. 2527 (2003); <u>Williams v. Taylor</u>, 529 U.S. 362 (2000).  A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 477 (2000) (quoting <u>Strickland</u>, 466 U.S. at 690).  This judicial scrutiny is "highly deferential."  <u>Id</u>. at 477.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  <u>Strickland</u>, 466 U.S. at 689-90; <u>Bell v. Cone</u>, 535 U.S. 685, 698 (2002).  Because the ultimate resolution of the ineffective assistance of counsel claims are mixed questions of law and fact, <u>Thompson v. Haley</u>, 255 F.3d 1292, 1297 (11th Cir. 2001); <u>Meeks v. Moore</u>, 216 F.3d 951, 959 (11th Cir. 2000), the presumption of correctness contained in § 2254(e)(1) does not apply to this determination.  <u>Parker v. Head</u>, 244 F.3d at 835-837.  "[T]he <u>Strickland</u> test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims." <u>Williams</u>, 529 U.S. at 391.

DISCUSSION

A review of the record demonstrates that, for the following reasons, Rincon's petition for writ of habeas corpus must be **DENIED**.

Rincon alleges he was denied the effective assistance of counsel when counsel waived Rincon's presence during the jury voir dire proceeding and during the jury charge conference. Rincon claims he has a due process right under the Fourteenth Amendment to be present during these proceedings. However, as in his Rule 3.850 motion, Rincon fails to allege any facts that would demonstrate prejudice. The jury voir dire proceeding was not transcribed; therefore, it cannot be determined whether Rincon was absent from the courtroom during this proceeding or was physically absent from the actual site of the jury selection.

Moreover, Rincon does not state whether he ratified counsel's actions after the jury was selected. State v. Melendez, 244 So.2d 137, 139 (Fla. 1971) (no error occurs when the defendant is represented by counsel who waives the presence of the defendant during jury selection and the defendant later ratifies the action of counsel). In any event, Rincon has not shown how his absence resulted in prejudice to him.

In Florida, a defendant at one time had the right to be physically present at the immediate site where juror challenges were exercised.  Coney v. State, 653 So. 2d 1009, 1013 (Fla. 1995). However, Coney applies to a limited window of cases in which the jury was sworn after Coney became final on April 27, 1995, and before the

amendment to Florida Rule of Criminal Procedure 3.180(b)[2] became effective on January 1, 1997. <u>Muhammad v. State</u>, 782 So. 2d 343, 352 n. 6 (Fla. 2001). Because Rincon's trial in the instant case took place in 1998, the <u>Coney</u> rule does not apply. Moreover, if the substantive issue regarding a defendant' s "presence" is raised on direct appeal, it is subject to harmless error analysis, and if raised under the guise of ineffective assistance of counsel, is subject to analysis under the prejudice prong of <u>Strickland</u>. <u>Wike v. State</u>, 813 So. 2d 12, 22 (Fla. 2002).

The same is true of Rincon's allegation in regard to the jury charge conference. Prior to the jury instruction conference in Rincon's trial, after both sides had rested, the judge inquired whether it was necessary that Rincon be present during the conference. Rincon's counsel responded, "For the record, I discussed with my client his desire to remain here for the jury instruction charges and he wishes to be released to go back to his cell." The state trial court then stated, "All right. With that in mind, we'll let him be transported back to the jail and be back here at a quarter to nine for the final arguments." (V3; T 324). Rincon has not shown that his absence from the charge conference affected the result of the proceeding in any way. Jury instructions concern matters of law, and Rincon has not alleged how he could have contributed to the conference, or that any improper instructions were given to the jury. Thus, the state court's denial of Rincon's ineffective assistance of counsel claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly

---

[2] Rule 3.180(b) of the Florida Rules of Criminal Procedure now provides that "[a] defendant is present for purposes of this rule if the defendant is physically in attendance for the courtroom proceeding, and has a meaningful opportunity to be heard through counsel on the issues being discussed."

established United States Supreme Court law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the allegations and evidence presented in the state court proceeding.

Accordingly, the Court orders:

That Rincon's petition for writ of habeas corpus is denied, with prejudice. The Clerk is directed to enter judgment against Rincon and to close this case.

ORDERED in Tampa, Florida, on July 19, 2005.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record

Santos Rincon